IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ADAMS,

        Plaintiff,                    No. 1:06-cv-01484 ALA P

    vs.

CORRECTIONAL OFFICER KIRBY, et al.,

        Defendants.             ORDER

_____/

    Plaintiff Ronald Adams is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 3, 2007, plaintiff filed a second amended complaint. Review of that complaint finds that defendants are employees of a governmental entity.

**I**

    Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this court] must accept

1

[plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff has stated a colorable claim for relief based on retaliation and cruel and unusual punishment with respect to plaintiff's claims that defendant Glenn forced plaintiff to stand outside, in the nude, in freezing weather and that defendant Phillips forced plaintiff to sleep on a wet moldy mattress. However, plaintiff's claim concerning his prison transfer does not state a colorable claim for relief.

**II**

Plaintiff has alleged that defendants T. Barrier, E.T. Borrero, D.L. Johnson, P.L. Vasquez and J. Short retaliated against plaintiff for making informal complaints to prison officials by transferring plaintiff to another prison. Second Amended Complaint at 20.

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). However, allegations of retaliation against a prisoner's First Amendment rights to speech may support a § 1983 claim. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68; *see also Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (explaining that a plaintiff must plead facts which suggest "that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision") (citation omitted).

Plaintiff's complaint is at times difficult to comprehend.  Plaintiff does discuss in great detail the sequence of events that lead to his transfer.  However, plaintiff does not offer any evidence connecting his prison transfer with his informal complaints.  The closest plaintiff comes to supporting the allegation that he was transferred as a result of these informal complaints is the conclusion that, "defendant J. Short and defendant Borrero must have conspired."  Second Amended Complaint at 18.  That statement is too conclusory to support the allegation that plaintiff was transferred to a different prison in retaliation for complaining about prison guards.

### III

Therefore, plaintiff may proceed against defendants Phillips and Glenn.  To proceed against anyone else plaintiff must file a third amended complaint.  Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED. R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R.

4

1  CIV. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may
2  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 CAL.
3  ADMIN. CODE § 3005.

4       A prisoner may bring no § 1983 action until he has exhausted such administrative
5  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
6  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an
7  amended complaint he certifies his claims are warranted by existing law, including the law that
8  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
9  his action.

## IV

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Kirby, P.L. Vasquez, James E. Tilton, Harris, D. Smith, T. Mosley, L.S. McEwen, C.L. Flood, T. Barrier, M. Tews, Ms. Hayes, Mrs. Firsich, Mr. Cannon. E.T. Borrero, S. Cheny, Assistant Warden and D.L. Johnson are dismissed for the reasons discussed above, with leave to file a third amended complaint within thirty-five (35) days from the date of this order.  Failure to file a third amended complaint will result in defendants Kirby, P.L. Vasquez, James E. Tilton, Harris, D. Smith, T. Mosley, L.S. McEwen, C.L. Flood, T. Barrier, M. Tews, Ms. Hayes, Mrs. Firsich, Mr. Cannon. E.T. Borrero, S. Cheny, Assistant Warden and D.L. Johnson being dismissed from this action.  Plaintiff would then proceed against defendants Phillips and Glenn; and

2. Upon filing a third amended complaint or expiration of the time allowed therefore, the court will make further orders for service of process upon some or all of the defendants.

/////

DATED: February 26, 2008

                                          /s/ Arthur L. Alarcón
                                          UNITED STATES CIRCUIT  JUDGE
                                          Sitting by Designation