# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RONALD ADAMS,

                 Plaintiff,

   v.

CORRECTIONAL OFFICER
KIRBY, et al.,

              Defendants.

_____/

CASE NO. 1:06-cv-01484-OWW-SMS PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF CERTAIN
CLAIMS AND DEFENDANTS

(Doc. 20)

OBJECTION DUE WITHIN THIRTY DAYS

**Findings and Recommendations Following Screening of Third Amended Complaint**

**I.**     **Procedural History**

      Plaintiff Ronald Adams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 23, 2006. (Doc. 1.) On March 29, 2007, the undersigned dismissed Plaintiff's complaint, with leave to amend. (Doc. 8.) In the order, the Court found that Plaintiff's complaint stated a cognizable claim for relief against Defendants Phillips, Tews, Hayes, Firsich, and Cannon for violation of the Eighth Amendment with respect to the wet, moldy, mildewed mattress Plaintiff was provided with, but did not state any other claims. (Id.)

      Plaintiff filed an amended complaint on April 26, 2007, and a second amended complaint on December 3, 2007. (Docs. 9, 14.) On February 27, 2008, the Honorable Arthur L. Alarcon, to whom this action had been reassigned temporarily, issued an order finding that the second amended complaint stated cognizable claims for relief against Phillips and Glenn for retaliation and

1

unconstitutional conditions of confinement arising out of forcing Plaintiff to stand outside nude in freezing weather and forcing Plaintiff to sleep on a moldy mattress. (Doc. 15.) Plaintiff was notified that he may proceed against Defendants Phillips and Glenn or file a third amended complaint. (Id.) Now pending before the Court is Plaintiff's third amended complaint, filed May 27, 2008. (Doc. 20.)

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.   Plaintiff's Claims

### A.   Claims Arising From Denial of Legal Material

Plaintiff is currently housed at California State Prison-Sacramento, and the events at issue in this action occurred at Wasco State Prison. Plaintiff was released from his building on or around

December 28, 2005, to go to the law library.  Defendant Tinsley, the law librarian and someone with whom Plaintiff has a past history of discord, instructed Plaintiff that he was to pick up legal supplies from his unit or building.  Plaintiff alleges that he knew Defendant Tinsley was denying him legal supplies and material to retaliate against him, and Plaintiff left the law library to return to his building.  Plaintiff alleges that Defendant Tinsley's actions constituted retaliation and violation of the Eighth Amendment.

### 1.    First Amendment Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.  However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation.  In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v.

1  Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation

2  for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as

3  a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory

4  issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806

5  (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v.

6  Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by

7  other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th

8  Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

9      Even if untrue, the act of telling an inmate that he must now get his legal supplies from his

10  building rather than the law library does not rise to the level of a constitutional violation.   The

11  inconvenience to Plaintiff can only be described as so minor as not to constitute adverse action

12  within the meaning of the First Amendment.   The Court recommends dismissal of this claim, with

13  prejudice.

14                    **2.    Eighth Amendment Claim**

15      The Eighth Amendment protects prisoners from inhumane methods of punishment and from

16  inhumane conditions of confinement.   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

17  Extreme deprivations are required to make out a conditions of confinement claim, and only those

18  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

19  the basis of an Eighth Amendment violation.   Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

20  (1992) (citations and quotations omitted).   In order to state a claim for violation of the Eighth

21  Amendment, the plaintiff must alleges facts sufficient to support a claim that prison officials knew

22  of and disregarded a substantial risk of serious harm to the plaintiff.   E.g., Farmer v. Brennan, 511

23  U.S. 825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

24      Plaintiff's claim that Defendant Tinsley's action violated the Eighth Amendment is frivolous

25  and the Court recommends it be dismissed, with prejudice.

26                    **3.    Denial of Access to the Courts**

27      Plaintiff does not appear to be alleging a claim against Defendant Tinsley for denial of access

28  to the courts.   However, to the extent that Plaintiff may be attempting to pursue such a claim, it is

                                       4

not cognizable and should be dismissed.  Plaintiff has not alleged that he suffered an actual injury stemming from the incident in which Defendant told him he needed to obtain legal supplies from his building.  Lewis v. Casey, 518 U.S. 343, 354-55, 116 S.Ct. 2174 (1996).

### B.   Excessive Force Claim

Plaintiff alleges while he was being escorted to the program office on December 28, 2005, Defendant Kirby pushed him in the back with both hands, causing him to stumble and fall to the ground. Plaintiff alleges the use of excessive physical force, in violation of the Eighth Amendment.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action," and "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992) (citations and quotations omitted).  It is only the malicious and sadistic use of force to cause harm that violates the Eighth Amendment.  Id. at 7.

The allegation that Defendant Kirby pushed Plaintiff in the back and he stumbled and fell as a result does not state a claim for use of excessive force.  The force used was de minimis, and the Court recommends dismissal of the excessive force claim, with prejudice.

### C.   Claims Arising Out of Disciplinary Proceedings

After Defendant Tinsley told Plaintiff he had to obtain legal supplies from his building, Plaintiff returned to the building but was refused entry by Defendant Barrier.  Plaintiff kicked the door and officers were summoned to remove Plaintiff.  It was during the escort from the building to the program office that Defendant Kirby pushed Plaintiff.  Plaintiff lodged a verbal staff misconduct complaint against Defendant Kirby the next day and was placed in administrative segregation as a result of his complaint.  Plaintiff was hospitalized for a brief period on December 29, 2005, due to unrelated events, and placed back in administrative segregation upon his return on January 3, 2006.

A hearing was held on January 12, 2006, concerning Plaintiff's placement in administrative segregation but Plaintiff was removed before the hearing concluded.  On February 9, 2006, another hearing was held and Plaintiff was informed that his allegations of staff misconduct were not

1  substantiated.

2       On January 7, 2006, Plaintiff was issued a Rules Violation Report for kicking the building

3  door.  Plaintiff alleges the offense was non-existent because no regulation addresses that act.

4  Plaintiff agreed to plead guilty, but the charge was subsequently changed by Defendant Borrero to

5  willful obstruction of a peace officer, a more serious offense.  Plaintiff lost time credits as a result

6  of the disciplinary violation.  Plaintiff alleges various procedural due process violations, including

7  falsification of documents, and conspiracy to orchestrate his transfer out of Wasco State Prison in

8  retaliation for numerous staff complaints he made.

9       The Due Process Clause protects against the deprivation of liberty without due process of

10  law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the

11  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

12  for which the protection is sought.  Id.  Liberty interests may arise from the Due Process Clause itself

13  or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest

14  in avoiding "more adverse conditions of confinement."  Id.  Under state law, the existence of a

15  liberty interest created by prison regulations is determined by focusing on the nature of the

16  deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).  Liberty interests

17  created by state law are "generally limited to freedom from restraint which . . . imposes atypical and

18  significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484;

19  Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

20       Without the existence of a protected liberty interest, Plaintiff may not pursue a due process

21  claim.  Plaintiff has not identified the existence of a protected liberty interest with the exception of

22  the loss of time credits that resulted from the disciplinary violation.  However, "a state prisoner's §

23  1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable

24  relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

25  prison proceedings) - if success in that action would necessarily demonstrate the invalidity of

26  confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

27  Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's

28  sentence, Plaintiff's claims, including retaliation and conspiracy, are barred until such time as

1    Plaintiff invalidates the result of the disciplinary hearing.

2            The Court recommends that Plaintiff's claim arising out of his initial placement in

3    administrative segregation be dismissed, with prejudice, for failure to state a claim.  The Court

4    recommends that Plaintiff's claims arising out of the events involving his disciplinary hearing and

5    guilty finding be dismissed, without prejudice, on the ground that they are barred until such time as

6    Plaintiff invalidates the result the result of the disciplinary proceeding, either through an internal

7    prison process or via petition for writ of habeas corpus.

8            **D.      Exposure to the Elements and Moldy Mattress**

9            After Plaintiff returned from the outside hospital on January 3, 2006, Defendant Glenn made

10   Plaintiff stand outside in a holding cage without any clothes on for forty-five minutes in forty degree

11   weather.  Plaintiff alleges that he was ill, having just returned from the hospital, and that Defendant

12   Glenn's action was taken to retaliate against Plaintiff for filing staff complaints.  Plaintiff alleges

13   First and Eighth Amendment claims.  The Court finds that both claims against Defendant Glenn are

14   cognizable. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill,

15   518 F.3d 1152, 1157-58 (9th Cir. 2008).

16           Plaintiff also alleges that he was placed in a cell with a wet, moldy, mildewed mattress.

17   Plaintiff complained to Defendants Phillips, Hayes, Tews, Firsich, and Canon, but they failed to take

18   any action.  In light of liberal federal notice pleading standards, the Court recommends that Plaintiff

19   be allowed to proceed on this claim. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200; Alvarez, 518

20   F.3d at 1157-58.  However, Plaintiff's allegation that he unsuccessfully attempted to inform

21   Defendant Vasquez about the moldy mattress is not sufficient to give rise to a claim that Defendant

22   Vasquez "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Farmer,

23   511 U.S. at 837.

24           **E.      Claims for Equitable Relief**

25           In addition to money damages, Plaintiff seeks a declaration that his rights were violated and

26   an injunction mandating the restoration of his time credits.  "'A case or controversy exists justifying

27   declaratory relief only when the challenged government activity is not contingent, has not evaporated

28   or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial

                                                    7

1    adverse effect on the interests of the petitioning parties.'" <u>Feldman v. Bomar</u>, 518 F.3d 637, 642 (9th

2    Cir. 2008) (quoting <u>Headwaters, Inc. v. Bureau of Land Management, Medford Dist.</u>, 893 F.2d 1012,

3    1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied

4    when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor

5    terminate the proceedings and afford relief from the uncertainty and controversy faced by the

6    parties." <u>U.S. v. State of Wash.</u>, 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted).  The

7    governmental conduct at issue in this action occurred in 2006, and Plaintiff's remedy is damages

8    should he prevail on his claims that his constitutional rights were violated.  The Court recommends

9    dismissal of the declaratory relief claim.

10       In addition to declaratory relief, Plaintiff seeks an injunction mandating the restoration of his

11   time credits.  Plaintiff's claims relating to the disciplinary hearing at which he lost the time credits

12   must be dismissed because he is barred from raising them in a section 1983 action.  Because there

13   is no case or controversy pending before the Court with respect to lost time credits, the Court has no

14   jurisdiction to issue an order mandating their restoration.  <u>City of Los Angeles v. Lyons</u>, 461 U.S.

15   95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);  <u>Jones v. City of Los Angeles</u>, 444 F.3d

16   1118, 1126 (9th Cir. 2006).  Accordingly, the Court recommends dismissal of Plaintiff's claim for

17   injunctive relief.

18   **IV.    Conclusion and Recommendation**

19       The Court finds that Plaintiff's third amended complaint states claims under section 1983

20   against Defendant Glenn for retaliation and violation of the Eighth Amendment for subjecting

21   Plaintiff to cold weather while unclothed, and against Defendants Phillips, Hayes, Tews, Firsich, and

22   Canon for violation of the Eighth Amendment for subjecting Plaintiff to a moldy mattress.  Plaintiff

23   has amended three times, twice pursuant to orders of this Court, but has not cured the deficiencies

24   previously identified by the Court.  Accordingly, the Court recommends that further leave to amend

25   not be granted, and this action be ordered to proceed only on those claims identified herein as

26   cognizable.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

27       For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

28       1.      This action proceed as one for money damages on Plaintiff's third amended

complaint, filed May 27, 2008, against Defendant Glenn for retaliation and violation of the Eighth Amendment for subjecting Plaintiff to cold weather while unclothed, and against Defendants Phillips, Hayes, Tews, Firsich, and Canon for violation of the Eighth Amendment for subjecting Plaintiff to a moldy mattress;

2.   Plaintiff's retaliation, Eighth Amendment, and denial of access to the courts claims arising out of the denial of legal material at the law library be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

3.   Plaintiff's excessive force claim be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

4.   Plaintiff's due process claim arising out of placement in administrative segregation be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

5.   Plaintiff's due process, retaliation, and conspiracy claims arising of the disciplinary proceedings be dismissed, without prejudice, for failure to state a claim upon which relief may be granted under section 1983;

6.   Defendants Kirby, Tinsley, Harris, Smith, Mosley, Cheney, Barrier, Johnson, Vasquez, Enriquez, and Borrero be dismissed from this action based on Plaintiff's failure to state any claims against them; and

7.   Plaintiff's claims for declaratory and injunctive relief be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    August 25, 2008**                        **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE