# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ADAMS,<br><br>              Plaintiff,<br><br>     v.<br><br>CORRECTIONAL OFFICER KIRBY, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:06-cv-01484-SMS PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST, AND DIRECTING THE CLERK OF THE COURT TO ENTER JUDGMENT<br><br>(Doc. 35) |

**Order on Defendants' Motion to Dismiss**

**I.    Background**

Plaintiff Ronald Adams is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of October 9, 2008, this action is proceeding on Plaintiff's third amended complaint, filed May 27, 2008, against Defendant Glenn for retaliation and violation of the Eighth Amendment for subjecting Plaintiff to cold weather while unclothed, and against Defendants Phillips, Hayes, Tews, Firsich, and Cannon for violation of the Eighth Amendment for forcing Plaintiff to use a moldy mattress.

On February 25, 2009, Defendants Glenn, Tews, Phillips, and Firsich filed a motion to dismiss for failure to exhaust, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b).[1] Plaintiff filed a motion seeking an extension of time to respond to Defendants'

---

[1] The United States Marshal was unable to locate and serve Defendants Hayes and Cannon. (Docs. 27, 28.)

1

motion on March 30, 2009, and was granted a thirty-day extension of time on April 1, 2009.[2] More than thirty days have passed and Plaintiff has not filed a response or otherwise contacted the Court. Accordingly, Plaintiff has waived his right to respond to the motion, and it is deemed submitted. Local Rule 78-230(m).

**II.     Dismissal for Failure to Exhaust**

   **A.     Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 7, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 25.)

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

**B.     Defendants' Motion**

In his third amended complaint, Plaintiff alleges that after he returned to Wasco State Prison from an outside hospital on January 3, 2006, Defendant Glenn made him stand outside in a holding cage without any clothes on for forty-five minutes in forty degree weather. Plaintiff alleges that he was ill, having just returned from the hospital, and that Defendant Glenn's action was taken to retaliate against Plaintiff for filing staff complaints. Plaintiff further alleges that he was placed in a cell with a wet, moldy, mildewed mattress. Plaintiff complained to Defendants Phillips, Hayes, Tews, Firsich, and Cannon, but they failed to take any action.

Defendants argue that Plaintiff did not exhaust his claims against them. In support of their motion to dismiss, Defendants submit evidence that appeals records at Wasco State Prison were searched for January, February, and March 2006, but no appeals grieving the events at issue in this action were located. (Doc. 35-2, Escalante Dec., ¶¶7, 11.) Although Plaintiff filed two appeals in that time period, neither related to the conduct giving rise to the claims in this action. (Id., ¶¶8-10.)

Plaintiff's conclusory allegation in his complaint that he exhausted all of his claims is insufficient to defeat Defendants' motion to dismiss, and Plaintiff did not file any response to the motion. (Doc. 20, 3rd Amend. Comp., § II.) Because Defendants have met their initial burden, Plaintiff's failure to submit any evidence that he exhausted entitles Defendants to dismissal of this action.

## III. Conclusion and Order

For the reasons set forth herein, Defendants' motion to dismiss for failure to exhaust, filed February 25, 2009, is GRANTED, and this action is dismissed in its entirety, without prejudice, for failure to exhaust.[3] 42 U.S.C. § 1997e(a). The Clerk of the Court SHALL enter judgment for Defendants and against Plaintiff.

IT IS SO ORDERED.

Dated:     May 27, 2009                         /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Although Defendants Hayes and Cannon have not been served with process or voluntarily appeared in this action, resolution of the other defendants' motion to dismiss results in dismissal of the entire action.

4